**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BENNY'S FARM FRESH PRODUCE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2669 |
| | § | |
| VINE RIPE TEXAS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Benny's Farm Fresh Produce, Inc. sued Vine Ripe Texas, Inc., Robert Wooten, Jack Goldstein, and Donald Griffin on September 2, 2008 under the Perishable Agricultural Commodities Act of 1930, as amended ("PACA"). In the complaint, Benny's Farm alleged that it sold perishable agricultural commodities to Vine Ripe Texas, Inc., a merchant operating under PACA, and that Vine Ripe failed to pay. Benny's Farm alleged that Vine Ripe owes $129,558.50. Benny's Farm sought to enforce the PACA trust, asserting claims for breach of contract and breach of the duty to pay.

On January 12, 2009, Severt & Sons Produce, Inc. intervened as a plaintiff in this case, asserting PACA claims against Vine Ripe, Wooten, Goldstein, and Griffin. Severt & Sons also crossclaimed against Benny's Farm for intentional interference with economic advantage. (Docket Entry No. 53). Severt & Sons alleged that Benny's Farm is liable for its inability promptly to secure a TRO against Vine Ripe to prevent dissipation of PACA trust assets. (*Id.*).

The following motions are pending:

- Benny's Farm's motion to dismiss the crossclaim. (Docket Entry No. 65).
- Severt & Sons's motion for leave[1] to file its motion for default judgment against the defendants, (Docket Entry No. 67).

Based on a careful review of the pleadings, the motions, and the applicable law, this court grants Benny's Farm's motion to dismiss and denies Severt & Sons's motion for leave to file its motion for default judgment. The reasons are explained below.

## I.  Background

Under PACA, when a "merchant" accepts commodities from a seller, a trust is created for the unpaid seller. *See* 7 U.S.C. § 499e(c)(2) (2000). The trust includes all commodities received and accepted but not yet paid for, products derived from those commodities, and any receivables or proceeds due from the sale of those commodities (collectively "PACA trust assets"). *See Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable*, 336 F.3d 410, 413 (5th Cir. 2003); 7 U.S.C. § 499e(c) (3). The merchant, or produce buyer, is the trustee and the trust is governed by general principles of trust law. *Reaves*, 336 F.3d at 413. If the merchant does not promptly pay the seller for the accepted commodities, the merchant must preserve the PACA trust assets for the unpaid seller. *Id.*

On September 3, 2008, Benny's Farm moved for an *ex parte* temporary restraining order. (Docket Entry No. 2). Benny's Farm sought to restrain the defendants from taking any

---

[1] The case was transferred to this court on April 6, 2009. The transfer order dismissed all pending motions without prejudice to refile with this court's authorization. (Docket Entry No. 63).

action to dissipate the trust assets and to require Vine Ripe to deposit the amount owed into a trust account. (*Id.*). The court previously presiding over this case held a hearing on September 10, 2008 and directed Benny's Farm to revise the proposed order. (Docket Entry No. 6). A preliminary injunction hearing was scheduled for September 26, 2008. A September 13, 2008 hurricane in the Houston area delayed efforts to serve the defendants with the revised order and notice of the hearing. On September 26, 2008, the court granted a 10-day continuance and entered a temporary restraining order. The order stated that it would "not be effective until" Benny's Farm deposited $1,000.00 bond in the court registry. (Docket Entry No. 14). The record shows that Benny's Farm filed the bond on October 8, 2008. (Docket Entry No. 23). The $1,000.00 bond was deposited in the court registry on October 14, 2008.

The defendants answered the original complaint on October 22, 2008. (Docket Entry No. 32). The defendants denied that they failed to pay Benny's Farm. (*Id.*). Severt & Sons, which also sold produce to Vine Ripe, intervened on January 12, 2009. (Docket Entry No. 53). Severt & Sons sued Vine Ripe, Wooten, Goldstein, and Griffin for breach of contract and breach of the duty to pay under PACA. (*Id.*). The defendants did not answer the intervenor's complaint. In its cross claim against Benny's Farm, Severt & Sons alleged that the failure to secure a TRO before October 14, 2008 allowed Vine Ripe, Wooten, Goldstein, and Griffin time to further dissipate the PACA trust assets. Severt & Sons alleged that the delay in obtaining an effective TRO was a "negligent and/or reckless dissipation of the PACA trust . . . aiding and abetting the Defendant's dissipation of the PACA trust." (Docket Entry

3

No. 53, at 12). Severt & Sons alleged that it had an interest of $118,874.61 in the PACA trust assets and that Benny's Farm and the defendants are jointly and severally liable for this amount. (*Id.*).

Severt & Sons moved for default judgment on April 2, 2009. (Docket Entry No. 60). Benny's Farm moved to dismiss the crossclaim on April 3, 2009. (Docket Entry No. 61). On April 6, 2009, the case was transferred to this court. The transfer order dismissed pending motions without prejudice to refile with this court's authorization. (Docket Entry No. 63). After being granted leave, Benny's Farm refiled its motion to dismiss the crossclaim. Severt & Sons's motion for leave to refile the default judgment motion followed.

**II.     The Motion to Dismiss the Crossclaim**

    **A.     The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court recently overruled the part of *Conley v. Gibson*, 355 U.S. 41 (1957) holding that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007), the Court held that a complaint fails to comply with Rule 8 if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.

In *Ashcroft v. Iqbal*, --- S. Ct. ---, No. 07-1015, 2009 WL 1361536 (May 18, 2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court

4

explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at *12 (citing *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In accordance with the pleading principles described in *Twombly* and *Iqbal*, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do' . . . ." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965); *see also Iqbal*, 2009 WL 1361536, at *12 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 2009 WL 1361536, at *12 (quoting *Twombly*, 550 U.S. at 557). "'Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.'" *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (unpublished) (per curiam) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965 n.3).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above

5

the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964–65); *see also In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965), *cert. denied*, *S. Scrap Material Co. v. United States*, 129 S. Ct. 1669 (2009). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.''" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1966).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed.

1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'") (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999)).

### B.     Analysis

Benny's Farm argues that the crossclaim should be dismissed because a PACA trust creditor does not have a duty to another PACA trust creditor. Benny's Farm contends that it cannot be held liable for failure to obtain a TRO because it was seeking to recover its own property, held in trust by the defendants, and was not "aiding and abetting" the dissipation of trust assets.

PACA was enacted to regulate the produce industry and to promote fair dealing in fruit and vegetable transactions. *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 350 (5th Cir. 2000). The Act was expressly designed "to protect the producers of perishable agricultural products, most of whom must entrust their products to a buyer who may be thousands of miles away, and depend for their payment upon [the buyer's] business acumen and fair dealing." *Id.* at 351. To protect the seller against nonpayment, a statutory trust is created under PACA when a buyer accepts shipped produce. *Id.* at 350. "Once this trust comes into being, and the supplier's rights are properly preserved, the produce supplier obtains a priority interest in the trust assets held" by the buyer. *Id.*; *see also Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1067 (2d Cir. 1995). PACA therefore requires each "commission merchant, dealer, or broker" to hold in trust the income from the

7

sale of commodities until all PACA creditors have been paid. *Endico Potatoes*, 67 F.3d at 1067.

A PACA merchant, as trustee, is responsible to the trust's beneficiaries – the unpaid PACA creditors – for maintaining the trust. 7 C.F.R. § 46.46(d). The trustee must ensure that the assets are made "freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(d)(1). "It is the buyer's or receiver's responsibility as trustee to insure that it has sufficient assets to assure prompt payment . . . ." 49 Fed. Reg. 45738 (Nov. 20, 1984). "Any act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of [PACA]." 7 C.F.R. § 46.46(d)(1). "Dissipation" that would constitute a breach of trust includes "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions." 7 C.F.R. § 46.46(a)(2).

In addition to the company, an individual corporate officer or director who fails to protect PACA trust assets may be found to have breached the fiduciary duty of care owed to trust beneficiaries. *Weis-Buy Services*, *Inc. v. Paglia*, 411 F.3d 415, 420-21 (3d Cir. 2005). Individuals who are not corporate officers or directors of a merchant but who are "in a position to control the company's PACA trust assets" may also be held liable for the dissipation of trust assets. *Goldman-Hayden*, 217 F.3d at 350–51.

Severt & Sons has not alleged facts that make it plausible to conclude that Benny's Farm is liable for intentional interference with economic advantage by failing to obtain a TRO

faster than it did.  PACA was designed to protect sellers of goods on short-term credit from buyers who do not pay.  The trustee, Vine Ripe, and its officers and directors, Wooten, Goldstein, and Griffin, owe trust beneficiaries, the PACA creditors, a duty to preserve the trust assets.  A trust beneficiary, like Benny's Farm, does not owe Severt & Sons such a duty.  Benny's Farm cannot be held liable for "dissipation" of trust assets or "aiding and abetting" the defendants' dissipation of the PACA trust.  Because there is no such duty, an amendment to cure the pleading deficiencies would be futile.  The motion to dismiss the crossclaim is granted.

### III.     The Motion for Leave to File a Motion for Default Judgment

Severt & Sons seeks leave to file its motion for entry of default judgment against Vine Ripe, Wooten, Goldstein, and Griffin.  Severt & Sons argues that default judgment is appropriate because the defendants have not answered its complaint in intervention.

Federal Rule of Civil Procedure 55(a) permits a default against a party when it "has failed to plead or otherwise defend" itself.  Rule 55(b)(1) permits judgment by default to be entered by the clerk on certain conditions.  Rule 55(b)(2) prohibits the court from entering default judgment "[i]f the party against whom judgment by default is sought has appeared in the action."  FED. R. CIV. P. 55(b)(2).

The Fifth Circuit has held that what constitutes an appearance under Rule 55(b)(2) is not "confined to physical appearances in court or the actual filing of a document in the record."  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Assn.*, 874 F.2d 274, 276 (5th Cir. 1989)).  An

9

appearance "'is defined broadly . . . to include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim.'" *Id*. at 141–42 (quoting *Sun Bank*, 874 F.2d at 276). "[T]he defendant's actions merely must give the plaintiff a clear indication that the defendant intends to pursue a defense and must 'be responsive to the plaintiff's formal Court action.'" *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) (citation omitted). The Fifth Circuit has reversed entries of default judgment when the defendant has made an appearance sufficient to show its intent to defend. *Sun Bank*, 874 F.2d at 276; *Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir.1978); *Charlton L. Davis & co v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir. 1977) (refusing to require a party to file documents in the record in order to have "appeared" under Rule 55(b)(2)).

The defendants filed an answer to the original complaint on October 22, 2008. (Docket Entry No. 32). The defendants admitted that "Benny's has repeatedly demanded that Defendant pay the sums that are due and owing," but denied that they "failed and refused and continues to refuse to pay Benny's for the perishable agricultural commodities purchased by Defendant." (*Id.*, at 2). The defendants have counsel of record in this case. The defendants' actions in hiring counsel and filing an answer denying the allegations of the original complaint are sufficient to show an intention to defend this case, including the allegations in the intervenor complaint. The motion for leave to file a motion for entry of default judgment is denied.

## IV.     Conclusion

Benny's Farm's motion to dismiss the crossclaim filed by Severt & Sons is granted. Severt & Sons's motion for leave to file a default judgment motion is denied.

SIGNED on June 29, 2009, at Houston, Texas.

*/s/ Lee H. Rosenthal*
Lee H. Rosenthal
United States District Judge